GARY I. GATES, Secretary Department of Employe Trust Funds
You request my opinion as to whether section 3017(2) of 1985 Wisconsin Act 29 (the 1985 budget bill) violates article IV, section 18 of the Wisconsin Constitution. The statute and constitutional provision are set forth in full below:
Section 3017(2) of 1985 Wisconsin Act 29.
 EXECUTIVE SERVICE EXEMPTIONS. Notwithstanding section 40.02(30) of the statutes, the revisor of statutes serving on the effective date of this subsection and the secretary of veterans affairs serving on the effective date of this subsection are deemed, as of July 1, 1983, and May 1, 1985, respectively, to be participants who are not elected officials, executives or protective occupation participants. The revisor of statutes serving on the effective date of this subsection, the secretary of veterans affairs serving on the effective date of this subsection, the revisor of statutes bureau and the department of veterans affairs shall each make contributions as required under section 40.05 of the statutes as if this subsection had been in effect on July 1, 1983, and May 1, 1985, respectively.
Article IV, section 18 of the Wisconsin Constitution:
 No private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title.
It is my opinion that section 3017(2) is a private law and thus violates article IV, section 18 of the Wisconsin Constitution because its enactment did not comply with the single subject and title requirements of such section of the Wisconsin Constitution.
The Wisconsin Supreme Court stated in Milwaukee Brewers v.DH SS, 130 Wis.2d 79, 84, 387 N.W.2d 254 (1986):
 [T]he constitutional mandate of art. IV, sec. 18 of the Wisconsin Constitution acts to inform the legislature that if it desires to *Page 193 
enact legislative provisions that are specific as to any location, individual, or entity, it must do so in a separate bill under separate title.
I begin my analysis, as the supreme court did, by determining whether the bill is private or local.
The court set forth the test for determining whether a law was a "private law" in Milwaukee Brewers, 130 Wis.2d at 115:
 Consistent with these principles and the purposes underlying art. IV, sec. 18, we hold that a legislative provision which is specific to any person, place or thing is a private or local law within the meaning of art. IV, sec. 18, unless: 1) the general subject matter of the provision relates to the state responsibility of statewide dimension; and 2) its enactment will have direct and immediate effect on a specific statewide concern or interest.
 This test, which determines whether this type of specific provision is an exception to the separate bill requirement, is a two-part test. Both must be fulfilled in order for the provision to be an exception to the separate bill requirement. The general subject matter of the provision must relate to a state responsibility of statewide dimension. In addition, the enactment of the provision must have direct and immediate effect on a specific statewide concern or interest. By "specific" we mean more than a relatively generic interest or concern such as found in Soo Line. As we said earlier, most legislation is enacted under the state's relatively generic police power in the safety, health, welfare, morals, and security of the state's citizens. An appeal to those generic concerns or interests is insufficient; there must be more.
Section 3017(2) is a law specific to two persons. By its language, it relates only to the revisor of statutes and secretary of veterans affairs serving in those positions on July 20, 1985, the effective date of 1985 Wisconsin Act 29. It exempts the two individuals "serving" in these offices "on the effective date" from the restriction against executive pay category employes receiving creditable service after reaching age 62.
"Executive participating employe" in the Wisconsin Retirement System "means a `participating employe' employed in a position designated under s. 20.923 (4), (8) or (9)." Sec. 40.02(30), Stats. The positions of revisor of statutes and secretary of veterans affairs are designated under section 20.923(4) at subsection (d)9. and 16. Normal *Page 194 
retirement for the "executive participating employe" is established as age 62. Sec. 40.02(42)(c), Stats. Crediting of service and salary for retirement benefit calculations is limited to age 62 by virtue of section 40.02(17)(c) which states:
 An executive participating employe holding a position designated under s. 20.923(4), (8) or (9) may not receive creditable service for service in that position on and after the first day of the 4th month commencing after the executive participating employe attains the age of 62 years.
Section 3017(2) thus removes the present revisor of statutes and secretary of veterans affairs from the age 62 restrictions established for "executive" employes, but does not remove these two positions from designation as "executive" positions by section 20.923(4). Since future holders of these positions would not be affected by section 3017(2), the class concerned is limited to the two present holders of the offices. Thus, the class created by section 3017(2) is "specific" to two persons and the section constitutes a private law under article IV, section18 of the Wisconsin Constitution unless it relates to a state responsibility of statewide dimension and has a direct and immediate effect on a specific statewide concern or interest.
As the court held in Milwaukee Brewers, 130 Wis.2d at 115, a legislative provision specific to a person "is a private . . . law . . . unless: 1) the general subject matter of the provision relates to a state responsibility of statewide dimension; and 2) its enactment will have direct and immediate effect on a specific statewide concern or interest." Section 3017(2) meets neither of these two requirements for excluding a provision specific to one or more persons from the prohibition of article IV, section 18 of the Wisconsin Constitution. The general subject matter of the provision is exemption of two specific persons from certain restrictions applicable to executive pay category employes, not a state responsibility of statewide dimension. While the retirement benefits of state employes generally involve a state responsibility of statewide dimension, the treatment of two specific employes does not rise to that magnitude.
Nor does section 3017(2) meet the second requirement that "its enactment will leave a direct and immediate effect on a specific statewide concern or interest." The provision affects only two persons and does not change the status of the offices held by those *Page 195 
persons. Thus, the provision does not address a specific statewide concern nor directly affect a statewide concern. Contrast this with the facts in Milwaukee Brewers where the court held that prison overcrowding is a specific type of statewide concern which would be directly and immediately affected by a provision which required a prison to be built in Milwaukee.130 Wis.2d at 119-20.
The Milwaukee Brewers court provided an example of the application of this latter test based upon the facts in Soo LineR. Co. v. Transportation Dept., 101 Wis.2d 64, 303 N.W.2d 626
(1981). Soo Line concerned a budget bill provision requiring the Soo Line Railroad to establish an at-grade crossing at a specific location in the state. In Milwaukee Brewers, 130 Wis.2d at 117, the court said:
 This test, applied to the facts of Soo Line, provides an example of its application. The legislative provision in Soo Line was both entity and location specific. The provision involved a matter of state responsibility of statewide dimension — the construction of railroad crossings. The espoused statewide concern for highway safety was not sufficiently specific, nor was the effect on statewide highway safety direct and immediate. The court correctly concluded that the legislative provision required a separate bill.
Similarly, in the instant situation, while retirement benefits for state employes generally is a statewide concern, an increase in benefit for two specific employes (not offices) does not have a "direct and immediate" effect on the espoused statewide concern. Section 3017(2) is therefore a private bill.
I must now determine whether 1985 Wisconsin Act 29 meets the requirements which article IV, section 18 of the Wisconsin Constitution imposes on a private law. The law cannot embrace more than one subject, which subject must be expressed in the title.
As the court stated by analogy in Soo Line, 101 Wis.2d at 77: "Without elaborating, it is obvious from the nature of the act, the length of the act and the numerous sections in the act, that the budget review bill embraces many subjects in addition to the question of [these executive service exemptions]."
The court in Soo Line, 101 Wis.2d at 77-78, states:
 This court has explained how to test the sufficiency of the title of a private or local bill as follows: *Page 196 
 "Probably as comprehensive a rule as can be found stated in the books, for testing the sufficiency of a title to a private or local legislative act, is the one deduced from the authorities by the New York court of appeals and approved in Milwaukee County v. Isenring, 109 Wis. 9: When one, reading a bill with the full scope of the title thereof in mind, comes upon provisions which he could not reasonably have anticipated because of their being in no way suggested by the title in any reasonable view of it, they are not constitutionally covered thereby." Diana Shooting Club v. Lamoreux, 114 Wis. 44, 50-51, 89 N.W. 880 (1902).
 It is clear that the title of ch. 418 gives no hint that the act regulates the crossing of the Soo Line Railroad tracks and state trunk highway 13. The requirements of sec. 18, art. IV, Wis. Const., have not been satisfied.
Similarly, the title of the 1985 budget bill, "AN ACT relating to
state finances and appropriations, constituting the executive budget bill of the 1985 legislature, and making appropriations" provides no hint that the bill contains a provision relating only to two "executive" employes.
1985 Wisconsin Act 29, as it relates to the revisor of statutes and secretary of veterans affairs at section 3017(2), is a private law. The Act embraces multiple subjects and its title makes no mention of the exemption of two "executives" from the creditable service restrictions. I, therefore, conclude that section 3017(2) violates article IV, section 18 of the Wisconsin Constitution and is unconstitutional.
BCL:WMS *Page 197